[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
In this action the plaintiff seeks to enforce an oral contract allegedly entered into on October 8, 1985 for him to purchase land from the defendant. That the oral agreement was made sometime in October has been clearly proven as the check for the $500 deposit was dated October 8, and was paid by the bank on October 17. The sheriff's return demonstrates service of the complaint on the defendant on September 1, 1989, almost four years after the agreement was made. The defendant has interposed a number of special defenses including the statute of frauds, C.G.S.52-550 and the three year statute of limitations on actions founded on an oral contract. C.G.S. 52-581. CT Page 2965
It might well be that the plaintiff has demonstrated sufficient part performance to take the situation out of the statute of frauds under the doctrine stated in a line of cases such as Van Epps v. Redfield, Admr. et al, 69 Conn. 104, for he did enter into possession of the land with the knowledge of the defendant by having it surveyed and staked and by digging pits for percolation tests, all in 1987, and at various times clearing brush. However, I do not read any of the cases as holding that part performance has the effect of tolling the statute of limitations or constituting a novation. Indeed, in Van Epps, supra, at 110 the Supreme Court, quoting Pomeroy on Specific Performance, stated: "He must first prove acts done by himself, or on his behalf, which point unmistakably to a contract between himself and the defendant which cannot in the ordinary course of human conduct be accounted for in any other manner than as having been done in pursuance of a contract and which, would not have been done without an existing contract." (Emphasis added).
I am forced to conclude that the statute of limitations applies and judgment must enter for the defendant on the first count.
As to the second count claiming unjust enrichment because the defendant has retained the $500 deposit, one of the usual functions of a deposit is to recompense a prospective seller for taking the land off the market and there was no indication that the defendant did not do just that, so judgment may enter for the defendant on the second count also. In any event, the deposit was paid as part and parcel of the oral agreement as to which the statute of limitations applies.
J. HEALEY STATE TRIAL REFEREE